**R. A. RAMEY, Appellant.**

**v.**

**C. E. MARSHALL et al., Appellees.**

No. 3150.

Court of Civil Appeals of Texas.

Eastland.

April 29, 1955.

Rehearing Denied June 3, 1955.

Sentell, Rosser & Willbern, Snyder, for appellant.

Thompson, Worrell & Moore, Colorado City, Cantey, Hanger, Johnson, Scarborough & Gooch, Settle & Settle, Ft. Worth, for appellees.

GRISSOM, Chief Justice.

Ramey sued Marshall and his surety, Houston Fire & Casualty Insurance Company, for breach of a subcontractor's contract. Marshall filed a cross action against Ramey for "extra work" and for breach of the same contract. Judgment was rendered on a jury verdict denying Ramey any recovery and awarding Marshall a recovery of $2,900 against Ramey for repainting, which was found to have been required by insufficient painting specifications and not by defective painting. Ramey has appealed.

Ramey alleged he was the general contractor for a housing project; that he executed a contract with Marshall as subcontractor whereby Marshall agreed to furnish all labor and material to do the painting in accordance with the plans and specifications for said project for $26,815.-51; that Marshall executed a performance bond signed by said insurance company guaranteeing faithful performance of Marshall's contract and providing that Ramey would be indemnified for all costs and damages suffered by reason of any failure or default of Marshall and that Ramey would be repaid all expenses incurred in making good any default by Marshall. Ramey alleged Marshall defaulted by failing to complete said contract and that the painting he did was faulty and done in an unworkmanlike manner necessitating repainting; that in April, 1952, it became apparent Marshall could not complete his contract and, prior to July 23rd, Marshall defaulted and failed to complete the painting; that, as a result thereof, to complete the contract and repaint the things improperly painted by Marshall, Ramey was required to spend $7,772.55 more than Marshall had agreed to do the painting for.

Marshall answered by a general denial. He admitted Ramey was the general contractor and that he had agreed to furnish all labor and material for painting according to plans and specifications. Marshall alleged he had until June 30, 1952 to complete his contract but, about May 28, 1952, Ramey, wrongfully and without notice to Marshall, ordered Marshall's employees "off the job" and prevented him from performing his contract. Marshall alleged he was prevented from completing his contract by the following wrongful acts of Ramey, among others: in requiring Marshall to paint the woodwork according to specifications provided therefor, although the specifications were insufficient; that Ramey attributed the defects resulting from the insufficient specifications to Marshall's faulty painting and required him to repaint the interior woodwork, causing Marshall to do extra work and use additional paint; that Ramey required Marshall to paint the interior walls of the project in accordance with the specifications provided therefor, although such specifications were insufficient and caused an improper paint job. Marshall further answered that the additional painting which Ramey alleged he had to have done by others to correct Marshall's de-

fective work was done to remedy defects caused by insufficient specifications or the work of other contractors.

Marshall filed a cross action seeking compensation and damages because, he alleged, Ramey prevented him from completing his painting contract and required Marshall, among other things, to follow the specifications in painting the interior woodwork and walls, although the specifications were insufficient and caused a defective paint job, and, as a result thereof, Marshall had to repaint and do extra work and use additional paint and that said extra work was done under an agreement that Ramey would pay therefor and that in performing such extra work he spent in excess of $3,800.

Marshall further alleged in his cross action that about May 28th, Ramey ordered Marshall's employees off the job, without notice to Marshall, although under the terms of their contract Marshall had until June 30th to complete the painting; that the original contract for the painting provided for payment to Marshall of $26,-815.50 but, as a result of the additional work specifically contracted for and extra work recognized by Ramey, to the extent of $350, the contract price for the painting was increased to $29,915.50 but Marshall was only paid $27,661.66, leaving a balance due Marshall of $2,253.91. Marshall also sought $25,000 exemplary damages.

The insurance company filed a general denial and sought recovery against Marshall of any amount recovered by Ramey against it.

The jury found, among other things, (17–18) that it was necessary for Ramey to spend $6,388.76 to "perform the obligations imposed on Marshall" by his subcontract after Marshall's painters were discharged by Ramey on May 28th; (20) that $6,388.76 was required for labor and material and remedy the "defects or obligations" remaining on May 28th; (21) that Marshall was prevented from completing his contract by dismissal of his employees by Ramey and (22) that such dismissal was without reasonable cause.

Issue 23 and the answer thereto was as follows:

"Do you find from a preponderance of the evidence that the painting specifications for the walls on Housing Project TEX 61–2 were adequate?—

"Answer: They were not adequate."

The jury found (27) that Marshall painted the interior walls in accordance with the specifications; (28) that defects in the painting of the walls were caused by the inadequacy of the specifications and (29) that Marshall was "required and coerced" to repaint a substantial portion of the interior walls to remedy such defects. The jury found (34) Marshall repainted and repatched marred wall surfaces and (35) that he was induced to do such repatching and repainting by Ramey's promise to pay for such additional work. The jury found (43) that after Marshall had painted the interior walls carpenters installed cleats and (44) mud and tape were thereby caused to come loose and mar the painted surfaces of the walls and (45) Marshall was induced to refinish and repatch such marred surfaces by Ramey's promise to pay therefor.

Issue 47 and the answer thereto were:

"Do you find from a preponderance of the evidence that the painting specifications for the interior trim or woodwork on Housing Project TEX 61–2 were adequate?—

"Answer: They were not adequate."

The jury found (51) that Marshall painted the interior trim or woodwork in accordance with the specifications; (52) that defects in the painting of the interior trim or woodwork were caused by the inadequacy of the specifications and (53) that Marshall was "required and coerced" by Ramey to repaint a portion of the interior trim or woodwork to remedy such defects. The jury found (56) Marshall was induced to apply an additional coat of enamel to a portion of the wood-

work by Ramey's promise to pay for such additional painting; (58) that Marshall was required to paint the wainscoating in a number of bathrooms before it was discovered that heaters had been improperly installed and Marshall was induced to return and repaint the wainscoating after the heaters had been properly installed, by Ramey's promise that he would pay for such additional work.

Issue 61 and the answer thereto were as follows:

"If you have found—Marshall performed any additional or extra work under promise from R. A. Ramey's authorized representative that he would be compensated therefor, and for which C. E. Marshall has not been compensated, then state the reasonable value of such work in dollars and cents.

"Answer: $2,900.00."

The jury found (62) that the additional or extra work done by Marshall, for which he had not been compensated, was not caused by faulty workmanship of Marshall. The jury found Marshall was not entitled to recover exemplary damages.

Based on the verdict, the court denied Ramey any recovery and rendered judgment for Marshall against Ramey for $2,900.

█ Ramey contends the court erred in placing the burden of proof on Ramey and in failing to place the burden on Marshall in issues 23 and 47, heretofore quoted. The jury found in answer to issue 23 that the painting specifications for the interior walls were not adequate. It is apparent the burden was placed on Ramey to prove the specifications were adequate. Ramey's cause of action, simply and tersely stated, was that he was entitled to recover from Marshall the cost of finishing Marshall's job and of redoing work improperly done by him. Marshall's cross action was for compensation for repainting defectively painted walls and woodwork, which he alleged was caused by defects in the specifications which he was required by Ramey

to comply with. We think issue 23 was Marshall's affirmative defense and he had the burden of proving the specifications were inadequate.

In answer to issue 47 the jury found the painting specifications for the interior trim or woodwork were not adequate. As in issue 23, the burden was on Marshall.

█ Ramey also contends there was error in failing to place the burden of proof on Marshall to establish the amount he was entitled to receive for extra work. The answer to issue 61, heretofore quoted, was a necessary prerequisite to the judgment for $2,900.00 obtained by Marshall against Ramey. The burden of proof on said issues was on Marshall. In issues 23 and 47 the burden was placed on Ramey, in issue 61 the burden was not placed. They were properly objected to for said reasons. These conclusions require a reversal of the judgment for Marshall. Other errors urged by Ramey refer to the failure to properly place the burden of proof on issues which were evidentiary or immaterial and, therefore, if sustained, would not require a reversal of the judgment.

█ The undisputed findings not assigned as error compelled rendition of the judgment that Ramey take nothing. The jury found (21) Marshall was prevented from completing his contract by the dismissal of his employees by Ramey; (22) that such dismissal was without reasonable cause and that (62) the extra work done by Marshall was not necessitated by faulty workmanship by Marshall. Issues necessary to a recovery by Ramey were found against him and are not attacked. Therefore, that part of the judgment providing that Ramey take nothing against Marshall and the insurance company is affirmed. The insurance company was not a party to Marshall's cross action. The judgment is reversed and the cause remanded only as to Marshall's recovery on his cross action of $2,900 against Ramey.

The judgment is affirmed in part and reversed and remanded in part.